FILED

MAR - 1 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>Marivel DIAZ,<br><br>　　　　　　　　Defendant. | Case No.: **22CR00146 JLS**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on February 23, 2022 to determine whether Defendant, Marivel DIAZ, should be held in custody pending trial on the grounds that she is a flight risk. Assistant United States Attorney Courtney Strange appeared on behalf of the United States. Attorney Jo Anne Tyrell of Federal Defenders, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, the Complaint issued against the Defendant on April 27, 2020 in Case No. 20-CR-1458 by this Court, and the Indictment filed in this case as to Defendant on January 20, 2022, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

# I

# **FINDINGS OF FACT**

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>:

1. The Defendant was charged by Indictment in Criminal Case No. 20CR1458-BTM (20MJ9111-RBM) with the importation of approximately 16.72 kilograms (36.78 pounds) of fentanyl; and importation of approximately seven (7) kilograms (15.4 pounds) of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960. That case was dismissed and Defendant was subsequently indicted in this case with knowingly and intentionally conspiring and agreeing with other persons, known and unknown, to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 841(a)(1), (b)(1)(A), and 846, (Count 1), knowingly and intentionally importing 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960 (Count 6), and knowingly and intentionally importing 400 grams and more of a mixture and substance containing a detectable amount of fentanyl, in violation of Title 21, U.S.C., §§ 952 and 960 (Count 7). Therefore, probable cause exists to believe Defendant committed the charged offenses.

2. The charged offenses are offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.). Therefore, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See, 18 U.S.C. § 3142(e).

3. The offenses carry a minimum mandatory sentenced of 10 years or more and a maximum sentence of life. See, 21 U.S.C. §§ 841(b)(1)(A), 960(b)(1)(B), and 960(b)(1)(F). According to the United States Sentencing Guidelines, the Base Offense level is 36. See, USSG § 2D1.1(2). Assuming the Defendant's criminal history score places her in Criminal History Category I, see, USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. §3142(g)(2)):</u>

1. On April 25, 2020, at approximately 12:00 p.m., Customs and Border Protection Officer (CBPO) J. Villafane was assigned to primary inspection at vehicle lane 7 of the Calexico, California West Port of Entry. At approximately 12:12 p.m., Marivel DIAZ (DIAZ) arrived at primary inspection vehicle lane 7. DIAZ was the driver and sole occupant of a Range Rover bearing California License Plates. DIAZ claimed to be a United States Citizen and presented a copy of her birth certificate and California Identification. CBPO Villafane asked DIAZ if she had anything to declare and received a negative declaration. During routine questioning, DIAZ was evasive and was not answering questions directly. DIAZ was subsequently referred to secondary inspection.

2. At secondary inspection, DIAZ was instructed to drive the vehicle through the Z-Portal X-ray machine. CBPO Soto, who was operating the Z-Portal, noticed anomalies in the rear quarter panel of the driver's side. DIAZ was instructed to park the vehicle in a designated parking area and wait for further instructions. CBPO P. Morales approached DIAZ and asked her if she had anything to declare and received a negative declaration. DIAZ was escorted to the security office to facilitate a full search of the vehicle. A certified canine handler utilized his canine to conduct a canine sniff of the vehicle and the canine alerted to the rear quarter panel of the driver's side.

3. CBPO Morales searched the vehicle and subsequently retrieved 23 packages that were concealed within the rear driver's side quarter panel. CBPO C. Roberts individually probed each package and noticed all packages contained a powdery substance. CBPO Roberts utilized a field test kit to individually test each package. Sixteen packages contained a powdery substance that field tested positive for fentanyl. Seven packages contained a powdery substance that field tested positive for cocaine. The total weight was determined to be approximately 16.72 kilograms (36.78 pounds) of fentanyl and seven (7) kilograms (15.4 pounds) of cocaine. During a post-Miranda statement, DIAZ admitted she was knowingly transporting narcotics into the United States. DIAZ stated she was going to be paid $3,000 to drop off the vehicle at a parking lot in Calexico.

4.      DIAZ was placed under arrest and charged with a violation of Title 21, United States Code sections 952 and 960 for Importation of a Controlled Substance and was issued a Notice to Appear dated July 24, 2020 at 10:00 a.m. On July 24, 2020, DIAZ failed to appear for her initial appearance and a bench warrant was issued for her arrest. DIAZ was subsequently arrested at the Calexico, California Port of Entry while attempting entry into the United States on December 28, 2021 based on the outstanding warrant for her failure to appear.

C.      History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)):

1.      Defendant has unverified residential, employment, financial, familial, and community ties.

2.      Defendant has familial ties to Mexico.

3.      Defendant has a history of criminal activity.

4.      Defendant failed to appear and was arrested on a warrant.

## II

## REASONS FOR DETENTION

A.      There is probable cause to believe Defendant committed the offenses charged in Indictment in Criminal Case No. 20CR1458-BTM (20MJ9111-RBM) with the importation of approximately 16.72 kilograms (36.78 pounds) of fentanyl; and importation of approximately seven (7) kilograms (15.4 pounds) of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960. That case was dismissed and Defendant was subsequently indicted in this case with knowingly and intentionally conspiring and agreeing with other persons, known and unknown, to distribute 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, U.S.C., §§ 841(a)(1), (b)(1)(A), and 846, (Count 1), knowingly and intentionally importing 5 kilograms and more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960 (Count 6), and knowingly and intentionally importing 400 grams and more of a mixture and substance containing a detectable amount of fentanyl (Count 7).

      B.     Defendant has unverified residential, employment, financial, familial, and community ties.

      C.     Defendant has familial ties to Mexico.

      D.     Defendant has a history of criminal activity.

      E.     Defendant failed to appear and was arrested on a warrant.

## III

## ORDER

**IT IS HEREBY ORDERED** that Defendant be detained pending trial in this matter.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: 3/1/22

HON. RUTH BERMUDEZ MONTENEGRO
U.S. MAGISTRATE JUDGE

Prepared by:
RANDY S. GROSSMAN
United States Attorney

Courtney L. Strange
Assistant U.S. Attorney

cc:    Jo Anne Tyrell
       Counsel for Defendant